[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14459
Non-Argument Calendar
_____

D.C. Docket No. 0:90-cr-06151-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH HARDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 14, 2020)

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

In 1992, Joseph Harden was sentenced to life imprisonment for one count of possession with intent to distribute cocaine.  In April 2019, following a motion for reduction of sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"), Harden's sentence was reduced from life to 360-months imprisonment and he was also given 10 years of supervised release.  In October of 2019, the district court revoked Harden and imposed a new sentence.  Harden is currently serving that 12-month term of imprisonment, which will be followed by a 60-month term of supervised release.  Today, Harden appeals the April 2019 imposition of supervised release and the October 2019 sentence after his revocation hearing.  Harden argues that the district court's revocation and imposition of supervised release in October of 2019 is error because it did not have the statutory authority to impose his *first* term of supervised release in April of 2019 when granting his motion for a reduction of sentence pursuant to the First Step Act.  Harden also argues that his October 2019 term of supervised release is substantively unreasonable because the district court relied too heavily upon its view that Harden's prior sentence reduction was lenient.  After review, we affirm.

## I.    Background

In 1990, Harden was indicted on one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. According to the judgment, in 1992, a jury found Harden guilty of the sole charge.

At that time, the district court sentenced Harden to life imprisonment. The judgment did not include supervised release.

In March of 2019, Harden filed a counseled motion for a reduction of sentence pursuant to Section 404 of the First Step Act, arguing that he was eligible for a reduction and that the court should exercise its discretion to reduce his sentence from life imprisonment to 360 months. In April of 2019, the district court granted Harden's motion for a reduction in sentence and reduced his sentence to 360 months' imprisonment, followed by a 10-year term of supervised release. The court also imposed the special conditions of supervised release recommended by the government, including that he reside in a residential reentry center for 180 days and perform 250 or 600 hours of community service annually while on supervised release, depending on his employment status. Harden did not object to the court's findings of fact or to his sentence. The district court informed Harden that he had the right to appeal his sentence, but Harden did not do so.

After this sentence was imposed in April 2019, while Harden was on supervised release, the probation officer filed a petition for a summons, alleging that Harden had violated his supervised release by (1) failing to participate in the residential reentry center, as he was unsuccessfully discharged after accountability concerns; and (2) failing to perform community service hours as directed. At the revocation hearing in October 2019, Harden admitted the allegations in the warrant

3

petition. He requested an eight-month sentence of imprisonment with no supervised release to follow.

During the hearing, the court noted that it recalled the argument at Harden's sentence reduction that Harden had matured because of his changed history of disciplinary problems. The district court noted that originally it had not planned to impose more supervised release, but was now convinced by the government's argument that the defendant needed more supervised release to teach him that he could not get away with non-compliance. Further, the court was concerned about Harden's attitude after Harden made a statement that he just wanted prison time because he would not and had never planned to comply with the supervised release conditions in light of "case law out of the 11th District [sic] that confirms this is illegal." In response, Harden's counsel stated, "Obviously, today is not the correct vehicle to address the propriety or impropriety of the supervised release being imposed during the First Step Act hearing. That has to be done in a motion to vacate. The 11th Circuit is very clear that a sentence is presumed valid until and if a motion to vacate is granted. So, that's not something that we can litigate here today." Harden then noted that he might file something to challenge the supervised release.

The district court reiterated it was not convinced Harden had changed his attitude and that it gave him the "benefit of that doubt" at the First Step Act

resentencing, which had likely proven to be "ill-advised." The court stated that it would give Harden both prison time and supervised release because the government had convinced it that it was the best thing for Harden. The court stated that it was important for Harden to understand that he did not make the rules in his case. The court noted that, although Harden did not want to do community service, it believed such service was part of the punishment aspect and a good learning tool for Harden to do something for other people, especially considering Harden had the highest criminal history category.

After stating that it had considered the recommendations of the parties, the violation report, and the guideline range, the district court found that Harden violated the terms of his supervised release and sentenced Harden to 12 months' imprisonment, to be followed by 60 months' supervised release. Harden stated that he did not have any objection to the "sentence being within the guidelines," but objected to the court's previous imposition of supervised release at his First Step Act hearing. Harden filed a notice of appeal.[1]

## II.    Standard of Review

---

[1] While his appeal was pending in this Court, Harden filed a pro se 28 U.S.C. § 2255 motion to vacate his sentence in the district court, arguing that: (1) his counsel at his First Step Act hearing was ineffective for failing to object to and file a notice of appeal from the imposition of special conditions of supervision; and (2) the court did not have authority to impose a new component of a sentence not previously imposed. The district court dismissed Harden's motion without prejudice because: (1) it lacked jurisdiction considering Harden's pending appeal; and (2) Harden violated court rules by filing the motion *pro se* while being represented by appointed counsel.

We review the sentence imposed by the district court upon the revocation of supervised release for reasonableness, including the imposition of a period of supervised release. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). When reviewing for reasonableness, we apply a deferential abuse-of-discretion standard.[2] *Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing the substantive reasonableness of a sentence, we will find that a district court abuses its discretion when it: (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016).

## III.    Discussion

### A. Challenge to Imposition of Supervised Release in April 2019

Harden's challenge to the April 2019 imposition of his supervised release fails because the challenge is not properly brought before this court. When a defendant is being sentenced for revocation of supervised release, he may not challenge for the first time on appeal his original imposition of supervised release. *See United States v. White*, 416 F.3d 1313, 1316 (11th Cir. 2005). We do not

---

[2] We reject the government's argument that we review the reasonableness of the sentence for plain error because it was not challenged when imposed. A defendant need do nothing more than advocate for a sentence shorter than the one ultimately imposed to preserve a substantive reasonableness challenge. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). The defendant advocated for no supervised release when it was imposed, and therefore we apply the normal standard of review.

allow such challenges to the original sentence because a sentence "is presumed valid until vacated under § 2255."[3]  *United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993).  Thus, Harden's April 2019 sentence, including the term of supervised release, is presumed valid until vacated, and we will not hear a collateral attack on the April 2019 sentence during an appeal from the October 2019 sentence.[4]  Therefore, "we need not and do not reach the merits" of Harden's challenge to his original supervised release sentence.  *Almand*, 992 F.2d at 317–18.

   B.  Substantive Reasonableness of Sentence

   We find that the sentence in this case was reasonably imposed.  Upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. §

---

[3] Indeed, the challenge advanced here, that the underlying sentence was imposed in violation of law, is an attempt at making a "collateral" attack on a sentence which would be properly brought through a § 2255 motion.  *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

[4] To the extent Harden argues that *White* does not bar review of his April 2019 sentence because it was a sentence reduction under the First Step Act rather than an original sentence, we are not convinced.  Procedurally, there is no difference.  Harden's resentencing under the First Step Act was the sentence for the "underlying offense" sentence.  *Almand*, 992 F.2d at 317.  By waiting until the October 2019 revocation hearing to challenge the April 2019 sentence, Harden attempted to use a revocation hearing to challenge his "original imposition of supervised release," which is prohibited by *Almand* and *White*.  *See id*; *White*, 416 F.3d at 1316.

3583(e)(3).  In part, sentencing courts must consider (1) the nature of the offense and the history and characteristics of the defendant; (2) the need to adequately deter criminal conduct; (3) the need "to protect the public from further crimes of the defendant"; and (4) the advisory guideline range.  *See id.* § 3553(a)(1), (a)(2)(B)–(C), (a)(4).  The district court is required to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes listed in § 3553(a).  *Id.* § 3553(a).  The weight given to any specific § 3553(a) factor is committed to the district court's discretion.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  We will remand only when left with "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quoting *United States v. McBride*, 511 F.3d 1293, 1297–98 (11th Cir. 2007)).

Here, the district court did not abuse its discretion by sentencing Harden to a 12-month term of imprisonment followed by a 60-month term of supervised release because it properly considered the statutory factors.  Harden contends that the district court's sentence was driven by a "legally erroneous" view that Harden's previous sentence reduction was "some sort of break" for Harden.  However, Harden has mischaracterized the district court's actual findings.  The

8

record demonstrates that the district court appropriately considered the need to impose a sentence which reflected the seriousness of the offense and promoted respect for the law by expressing concern about Harden's unwillingness to comply with the terms of his original supervised release.  The district court also properly contemplated the deterrent effect of an additional term of supervised release so that Harden would not escape supervised release obligations by violating them.  Thus, the court was within its discretion to sentence Harden as it did.

**AFFIRMED.**